UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shawnathan Delrea Fort,   Case No. 3:23-cv-1963

        Plaintiff,

v.   MEMORANDUM OPINION
   AND ORDER

Erica Layson,

        Defendant.

## I. BACKGROUND

*Pro se* plaintiff Shawnathan Delrea Fort, a prisoner in the Toledo Correctional Institution ("ToCI"), has filed an *in forma pauperis* prisoner civil rights complaint against Nurse Erica Layson. (Doc. No. 1-1.) Fort's complaint pertains to the alleged refusal of a prison doctor to prescribe orthopedic insoles for his shoes as he desired for foot pain.

In his complaint, Fort alleges that he "was received in ODRC with doctor[-]prescribed insoles in 2016," but that the insoles "were confiscated in 2021 due to danger in maximum security at level 4 Southern [Ohio] Correction Facility." (*Id.* at 5.) He alleges that around May 12, 2023, Nurse Layson "scheduled a doctor's visit" for him in his "attempts to have medical orthopedic insoles prescribed" for him at TCI, but the "contracted" doctor "refuse[d]" to prescribe the insoles. (*Id.*) He then states he "asked Nurse Layson to mandate these insoles to administrative official[s] who'd give the varying doctors the okay to prescribe" the insoles. (*Id.*)

Contending the denial of orthopedic insoles amounts to deliberate indifference to his medical needs, he seeks damages and other relief, including that I order ToCI to "send [him] to Franklin

Medical and be fitted for custom orthopedic insoles." (*Id.* at 6.) On January 23, 2024, Fort filed a motion for summary judgment. (Doc. No. 6.)

## II. STANDARD

Because Fort is a prisoner proceeding *in forma pauperis* and seeks redress from a government employee, his complaint is subject to screening under 28 U.S.C. §§ 1915A and 1915(e). Those statutes require that I dismiss a plaintiff's complaint before service if I determine that it is frivolous or malicious, fails to state a claim upon which he may be granted relief, or seeks monetary relief from a defendant who is immune. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

## III. DISCUSSION

Upon review, I conclude Fort's complaint must be dismissed pursuant to §§ 1915A and 1915(e) for failure to state a claim against Layson.

A plaintiff cannot establish the liability of a defendant for a civil rights violation under 42 U.S.C. § 1983 absent a clear showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior") (citations omitted); *Murphy v. Grenier*, 406 F. App'x at 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.").

Fort does not allege cogent facts in his complaint demonstrating that Layson, the only defendant he names in the case, was personally involved in the conduct that forms the basis of his deliberate indifference claim, *i.e.*, the decision to deny him orthopedic insoles. He merely alleges that Layson "scheduled a doctor's visit" for him and that he "asked [her] to mandate these insoles to [an] administrative official" after the doctor refused him a prescription. These allegations do not support

a reasonable finding that Layson was personally involved in the decision to deny him orthopedic insoles.

Further, even if his allegations were sufficient to suggest Layson's personal involvement, in order for a prisoner to state a constitutional deliberate indifference claim with respect to his medical care, he must demonstrate "both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). He must demonstrate that he had a "sufficiently serious medical need" (the objective component), *and* that the defendant prison official in question had "a sufficiently culpable state of mind" in denying him care (the subjective component). *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citations and internal quotation marks omitted).

The subjective component requires more than mere negligence, medical malpractice, or "misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citation omitted). To satisfy the subjective component, a plaintiff must "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that [s]he did in fact draw the inference, and that [s]he then disregarded that risk." *Id.*

Even if I were to assume Fort's allegations are sufficient to demonstrate he had serious medical needs, nothing in his complaint permits a plausible inference that Layson possessed the requisite state of mind necessary to make out the subjective component of a deliberate indifference claim. Fort does not allege facts plausibly suggesting Layson subjectively perceived facts from which she inferred a substantial risk to plaintiff's health, or that she consciously disregarded such risk by denying his requests for insoles or otherwise. Fort's allegations only indicate that Layson scheduled an appointment for plaintiff to see a doctor regarding his request for orthopedic insoles. These allegations do not permit a plausible inference that she acted with deliberate indifference to his request, or that she even had any decision-making authority with respect to it.

Further, a prisoner's disagreement with prison medical personnel as to the appropriate medical diagnosis or treatment for a condition, which is the most Fort suggests here, does not rise to the level of a constitutional violation. *See Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008). Although Fort may be unhappy his request for insoles was denied, his allegations are insufficient to suggest a plausible constitutional deliberate indifference claim against Layson.

### IV. CONCLUSION

For the reasons stated above, I dismiss Fort's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Accordingly, his motion for summary judgment, (Doc. No. 6), is denied. I further certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

    s/ Jeffrey J. Helmick
United States District Judge